**SUMMIT DEFENSE**
**A Professional Law Corporation**
**JAMES T. REILLY, Attorney at Law**
**California State Bar No. 67254**
**4040 Civic Center Drive, Suite 200**
**San Rafael, CA 94903**

**Phone:   510-412-8900**
**Cell:    415-913-0787**
**Fax:     415-689-5213**
**email:   jim@summitdefense.com**

**Attorneys for Defendant KATHERINE HERRERA**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:20-mj-0089 EFB |
| Plaintiff, | : | |
| | : | DEFENDANT'S RESPONSE TO |
| vs. | : | GOVERNMENT'S REQUEST FOR |
| | : | PRETRIAL DETENTION |
| KATHERINE HERRERA, | : | |
| | : | (REDACTED) |
| Defendant. | : | |

    **DEFENDANT KATHERINE HERRERA,** by and through counsel, hereby

responds to the Government's request, expressed at her arraignment,

that she be detained pending trial of this matter.

Respectfully submitted,

June 10, 2020

_____
JAMES T. REILLY, Attorney at Law
California State Bar No. 67254
Counsel for Defendant KATHERINE HERRERA

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION**
**(REDACTED)**
-1-

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION**

## I

## INTRODUCTION

During the arraignment of this case on June 8, 2020, Government Counsel requested that the defendant, Katherine Herrera, be detained pending trial of this matter because she is a flight risk and a danger to the community.

For reasons discussed below, Miss Herrera submits that she is neither and that release pending trial, on pertinent conditions, would be appropriate in her case.

## II

## MISS HERRERA'S HISTORY OF MENTAL/PSYCHOLOGICAL ISSUES

Miss Herrera has a long history of mental and psychological issues which bear on both her flight risk and her danger to the community.

Attached Exhibits A-F contain copies of medical records which describe medical/psychological issues as indicated:

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION (REDACTED)**



**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION (REDACTED)**



**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION (REDACTED)**

████   She is only marginally capable of caring for herself and is significantly susceptible to being influenced by others, which is what happened in this case, as her conduct was manipulated by the photographer involved, Jonathan Thornton.

## III
### REFERENCE LETTERS

Attached hereto as Exhibits G-K are letters about Miss Herrera written by some of her teachers and family members.  These letters demonstrate, at a personal level, the results of Miss Herrera's mental deficiencies and the effects that they have had on her life.

**Exhibit G -- School Letters St. Mary's High School 2006.**  In 2006, Miss Herrera's mother, Patricia Duncan, requested that several of her teachers write letters describing her conduct and performance in their classes.  ████████████████████████████████████ ████████████████████████████████████ ████████   The responses by the teachers describe learning and social difficulties, notably her isolation from other students.

**Exhibit H -- Undated Letter by Patricia Duncan, Miss Herrera's mother, received by counsel on June 9, 2020.**  The one person in the world who likely know Miss Herrera better than any other describes several of the specific situations in which Miss Herrera demonstrated her mental issues, her vulnerability and her suggestibility.  She also describes (starting near the bottom of the 2nd page) how Miss Herrera met Lucas Rinker, the father of two children who Miss Herrera

came to think of as her own.  The daughter, who was 8 months old when Miss Herrera met Mr. Rinker, is the young girl mentioned in the factual summary in the complaint in this case.  Mrs. Duncan also describes (last page) the difficulties that Miss Herrera has in doing the small things in life that most people take for granted.

**Exhibit I -- Letter dated June 9, 2020, from Miss Herrera's natural father, Steve Herrera, received by counsel via email.**  Mr. Herrera describes his own observations of Miss Herrera's difficulties in school from an early age, how easily she is manipulated by others and how she can become obsessed with pleasing others.  Mr. Herrera has been employed by the California Department of Corrections and Rehabilitation, Juvenile Justice Division, since 1998.  His description of mental health issues in general and with respect to his daughter is particularly compelling.  As he says (on the 3rd page), Miss Herrera is ███████████████████████████████ ███████████████████████████  He also expressed his commitment to assist in every possible way with any court orders associated with Miss Herrera's court proceedings.

**Exhibit J -- Letter dated June 8, 2020, from Miss Herrera's Stepfather, Bill Duncan.**  Mr. Duncan has been Miss Herrera's stepfather since she was 8 years old and is familiar with all the difficulties which she has encountered throughout her life.  As he noted (1st page), █████████████████████████ helped him and her mother understand the learning and social difficulties that she has experienced throughout her life.  He also describes (1st page) her gullibility and susceptibility to being manipulated by others.  It is

Mr. Duncan's opinion (2nd page) that Miss Herrera is "incapable of deliberately causing harm to others".

**Exhibit K –- Undated Letter from Miss Herrera's half-sister, Julia Duncan, received by counsel via email on June 9, 2020.** Miss Duncan, who is 10 years younger than Miss Herrera, and provides an alternative view of Miss Herrera to that described by the family adults. Miss Duncan's describes Miss Herrera's social difficulties (even with her younger sister), her inability to care for herself, how immature and gullible she is, how dependent she is on others even though she finds it difficult to make friends or express emotions with them, and how she is too trusting which results in others taking advantage of her. Her comments are particularly heart-breaking.

## IV

### PRETRIAL DETENTION IS NOT NECESSARY

Miss Herrera's mother and stepfather are prepared to have her live with them if she is granted a pretrial release. They are also prepared to comply themselves, and to ensure that Miss Herrera will comply, with any conditions, restrictions or requirements which the court may impose in granting a pretrial release.

The government's expressed concern that Miss Herrera would be a flight risk if released is negated by her obvious inability to plan and care for herself. Miss Herrera is simply be incapable of fleeing and remaining at large.

The government's expressed concern that Miss Herrera would be a danger to others if released is also unfounded. Miss Herrera has no

history of misconduct other than that alleged in this case.  There is also no doubt that her conduct in this case was a result of manipulation by an experienced, deceptive and heartless individual, Jonathan Thornton, who took advantage of Miss Herrera every bit as much as he took advantage of the minors he photographed.

Mr. Rinker's children have been moved to live with their natural mother and are no longer in the custody of Mr. Rinker.  If released to live with her parents, Miss Herrera would have no contact with these children and would have no reason to have contact with any other children.

A condition of release prohibiting her from having contact with any person under the age of 18 would be a reasonable restriction with which Miss Herrera is prepared to comply and which her parents are prepared to ensure that she does comply.

Miss Herrera is also prepared to accept and comply with any other condition of release which the court may choose to impose.

Thus, Miss Herrera is neither a flight risk nor a danger to others and pretrial detention is neither required nor warranted.

Respectfully submitted,

_____

JAMES T. REILLY, Attorney at Law
Counsel for Defendant KATHERINE HERRERA

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION (REDACTED)**