UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LEANN HERRERA,<br><br>Defendant. | No. 2:20-cr-00084-DC-2<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 200) |

On July 2, 2025, Defendant Katherine Leann Herrera filed a motion for reconsideration of this court's order granting the Government's motion to revoke the May 27, 2025 ruling by Magistrate Judge Sean C. Riordan authorizing the pretrial release of Defendant. (Doc. Nos. 195, 200). For the reasons explained below, the court will deny Defendant's motion.

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Rosas-Ramirez*, No. 18-cr-00053-LHK-1, 2019 WL 1518162, at *2 (N.D. Cal. Apr. 8, 2019) (quoting *United States v. Mendez*, No. 7-cr-00011-MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008)). District courts in the Ninth Circuit have found that Federal Rule of Civil Procedure 60(b) applies "when a party files its motion for reconsideration before the entry of a judgment." *United States v. Chavez*, No. 15-cr-00285-LHK, 2018 WL 4207350, at *5 (N.D. Cal. Sept. 4, 2018) (citing *United States v. Feathers*, No. 14-cr-00531-LHK-1, 2017 WL 783947, at *2 (N.D. Cal. Mar. 1, 2017)).

1    Under Rule 60(b), a court may grant reconsideration based on: "(1) mistake, inadvertence,
2 surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing
3 party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that
4 justifies relief." Fed. R. Civ. P. 60(b). "[A] motion for reconsideration should not be granted,
5 absent highly unusual circumstances, unless the district court is presented with newly discovered
6 evidence, committed clear error, or if there is an intervening change in the controlling law."
7 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)
8 (citation omitted). Nor should a motion for reconsideration "be used to raise arguments or present
9 evidence for the first time when they could reasonably have been raised earlier in the litigation."
10 *Id.* (citation omitted).

11    Further, pursuant to Local Rule 430.1(i), a motion for reconsideration must present: "(1)
12 when and to what Judge or Magistrate Judge the prior motion was made; (2) what ruling, decision
13 or order was made thereon; and (3) what new or different facts or circumstances are claimed to
14 exist that did not exist or were not shown upon such prior motion or what other grounds exist for
15 the motion." L.R. 430.1(i).

16    Here, Defendant seeks reconsideration of this court's order granting the Government's
17 motion to revoke the May 27, 2025 ruling by Magistrate Judge Sean C. Riordan authorizing the
18 pretrial release of Defendant. (Doc. Nos. 195, 200). Defendant argues that the court did not
19 consider a "Federal Pretrial Risk Assessment" that places Defendant in a low-risk category for
20 reoffending while on pretrial release before its oral ruling on the Government's motion to revoke
21 Defendant's pretrial release. (Doc. No. 200 at 3–4.) Defendant asserts that she attempted to bring
22 the risk assessment to the court's attention in a supplemental brief, but the court denied her filing
23 request. (*Id*. at 3.) However, the Federal Pretrial Risk Assessment is not a new or different fact.
24 *See* L.R. 430.1(i). Defendant concedes that during the time given to file her opposition to the
25 Government's motion, she was aware of the assessment. (Doc. No. 200 at 3–4.) Interestingly,
26 Defendant fails to acknowledge that the court denied her request to file supplemental briefing
27 /////
28 /////

only after she failed to comply with two separate filing deadlines.[1] (Doc. No. 191 at 1–2.) Defendant had ample opportunity to present evidence in support of her opposition prior to the June 18, 2025 hearing, and her failure to timely do so is not a sufficient basis for reconsideration of the court's ruling. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Additionally, the court provided the parties with an opportunity to be heard at the June 18, 2025 hearing on any evidence relevant to the court's determination relating to release. Lastly, and importantly, at the June 18, 2025 hearing, the court noted it considered certain evidence that appears to be the same as is considered in the Federal Pretrial Risk Assessment. (*See* Doc. No. 189-1 at 1–3.)

Defendant also argues the court "weigh[]ed factors, not evidence" when ruling on the government's motion to revoke. (Doc. No. 200 at 7.) This argument is not well taken. After considering the parties' extensive briefing (Doc. Nos. 175, 182), hearing oral argument, and weighing the evidence and requisite factors, the court concluded that the Government's motion to revoke Defendant's pretrial release should be granted. Defendant fails to provide any "new or different facts or circumstances" to support her pending motion for reconsideration. *See* L.R. 430.1(i). Instead, Defendant reiterates the same facts the court already considered when it initially ruled on the Government's motion to revoke.[2]

For these reasons, Defendant's motion for reconsideration (Doc. No. 200) is DENIED.

IT IS SO ORDERED.

Dated:  **July 29, 2025**

_____
Dena Coggins
United States District Judge

---

[1] Although the court denied Defendant's motion to file supplemental briefing as untimely, the court invited Defendant to "nonetheless present oral argument at the hearing on the Government's motion. . . ." (Doc. No. 191 at 2.)

[2] Defendant also argued that Magistrate Judge Riordan did not address Defendant's argument that she should at least be released temporarily pending trial. (Doc. Nos. 200 at 4; 158 at 17.) However, Magistrate Judge Riordan did not need to address that argument because he granted Defendant's motion for bail review. Further, this court considered Defendant's motion (Doc. No. 158) in its entirety when granting the Government's motion to revoke the order of release. (Doc. No. 195.)