KIMBERLY A. SANCHEZ
Acting United States Attorney
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KATHERINE LEANN HERRERA,<br><br>   Defendant. | CASE NO. 2:20-CR-00084-DC<br><br>STIPULATION AND PROTECTIVE ORDER |

Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Katherine Leann Herrera ("defendant"), by and through her undersigned counsel of record, Kenneth Rosenfeld and Kinsey Reynolds, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and materials containing private and sensitive information, including information that relates to and identifies the alleged victims in the investigation, along with the defendant's personally identifying information and employment information. By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the defendant is charged in the indictment with one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a);

2. WHEREAS, the government possesses, and in the future may come into possession of, discovery and other materials in this case that contain, among other things, victim-related information,

1 as well as personally identifying information, private financial information, and employment
2 information of the defendant and third parties;

3     3.    WHEREAS, the government wishes to produce and/or make available to the defendant
4 and her counsel the documents and information described above, or similar material that might come
5 into the government's possession in the future, but believes that because of the nature of such documents
6 and information, it is appropriate for the Court to enter a protective order containing the provisions
7 below;

8     4.    WHEREAS, such materials shall be identified as sensitive and subject to a protective
9 order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs)
10 themselves or in an accompanying cover letter;

11     5.    WHEREAS, the parties agree that entry of a stipulated protective order is appropriate,
12 and that a private agreement is not appropriate in light of the nature of the information at issue and the
13 charges in this case; and

14     6.    WHEREAS, the defendant has counsel who wishes the opportunity to review the
15 discovery and other materials; and

16     7.    The parties agree that the ability of defense counsel to adequately advise his client will be
17 enhanced by the approval of this protective order.

18     The government and the defendant, by and through their respective counsel of record, hereby
19 agree and stipulate to a Protective Order with the following provisions:

20     1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
21 Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

22     2.    Some materials to be provided or made available by the government to the defendant as
23 discovery or out of an abundance of caution relate to, or contain private and sensitive information about,
24 alleged victims and individuals other than the defendant, are not public information, and include, but are
25 not limited to: investigative or agency memoranda or reports; victim or witness statements; recorded
26 interviews; private financial information; and other personally-identifying information; and sensitive
27 victim-related information. Accordingly, these discovery materials and all copies thereof should be
28 protected from unnecessary dissemination. This information is collectively referred to as the "Protected

1  Discovery."

2      3.    Such Protected Discovery materials shall be identified as being subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs, documents) themselves or in an accompanying cover letter.

      4.    The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the defendant, the defendant's counsel, and any employees or agents of the defendant's counsel solely in the defense of this case and for no other purpose. The Protected Discovery is now and will forever remain the property of the United States government. The defendant's counsel will return the Protected Discovery to the government or certify that it has been shredded and/or permanently deleted at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the Protected Discovery. If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall notify the government of that decision and securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

      5.    The defendant's counsel and the defendant shall not disclose any of the Protected Discovery directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

      6.    The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

      7.    When providing the Protected Discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, and provide a copy of the Protective Order. The parties agree that defense counsel, defense investigators, and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the Protected Discovery, except for the limited situations identified in this Order.

      8.    The defendant and her counsel shall store the discovery in a secure place and will use

reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

9. In the event that the defendant obtains substitute counsel, the defendant's undersigned counsel agrees to withhold the Protected Discovery from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

10. The defendant's counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

11. This Stipulation and the Protective Order may be executed through counterpart signatures.

IT IS SO STIPULATED.

Dated: August 1, 2025                           Respectfully submitted,

                                                KIMBERLY A. SANCHEZ
                                                Acting United States Attorney

                                        By:     /s/ *Veronica Alegría*
                                                VERONICA M.A. ALEGRÍA
                                                Assistant U.S. Attorney


                                        By:     /s/ *Kenneth Rosenfeld*
                                                KENNETH ROSENFELD
                                                KINSEY REYNOLDS
                                                Counsel for Defendant Katherine Leann Herrera

**ORDER**

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is ADOPTED and APPROVED with the above-stated terms.

IT IS SO ORDERED.

Dated:  August 1, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE