ERIC GRANT
United States Attorney
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LEANN HERRERA,<br><br>Defendant. | CASE NO.  2:20-CR-00084-DC<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>CURRENT DATE: February 27, 2026<br>[~~PROPOSED~~] DATE: May 8, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

1.      By previous order, this matter was set for status on February 27, 2026.

2.      At a hearing on December 19, 2025, the Court heard argument on defendant's motion to determine competency pursuant to 18 U.S.C. § 4241 and determined that it was necessary to order that Defendant be examined to determine mental competency and that a report be provided to the Court pursuant to Sections 4241 and 4242.  ECF 236, 237.  On January 8, 2026, the Court issued an Order committing defendant to the custody of the Bureau of Prisons ("BOP") to conduct examinations for mental competency and mental insanity and prepare a report within 45 days, as provided in 18 U.SC. § 4247(c).  ECF 238.  On February 9, 2026, the BOP requested an extension until May 5, 2026, to complete their examinations and file their report with the Court, which the Court granted.  ECF 241, 242.

3.      By this stipulation, defendant now moves to continue the status conference until May 8,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

2026, and to exclude time between February 27, 2026, and May 8, 2026, under 18 U.S.C.§ 3161(h)(1)(A), (1)(D), (7)(A), B(iv) [Local Code T4].

4.      The parties agree and stipulate, and request that the Court find the following:

a)      Defendant is currently undergoing an examination for mental competency by the BOP upon the motion of defendant. *See* 18 U.S.C.§ 3161(h)(1)(A) (time may be excluded for "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant").

b)      Defendant underwent a competency examination by a new defense expert on or about January 10, 2026. That expert report and Rule 16 expert disclosures have yet to be produced to the government.

c)      The government's motion to exclude expert witness testimony remains pending, as the Court has delayed holding a hearing the motion until competency issue is resolved. *See* ECF 213; 18 U.S.C.§ 3161(h)(1)(D) (time may be excluded for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

d)      The government has produced discovery associated with this case, which includes over 500 pages of documents and video evidence. Additional discovery, including forensic images of electronic devices, is available for defense counsel to review at the FBI office. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

e)      Counsel for defendant desires additional time to review discovery, conduct additional investigation and legal research, consult with their client, and review forthcoming expert reports.

f)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g)      The government does not object to the continuance.

h)      The requested continuance is not based on congestion of the Court's calendar,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 27, 2026 to May 8, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(A), (1)(D), (7)(A), B(iv) [Local Code T4] because it results from defendant's competency evaluation, a pending pretrial motion, and a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 23, 2026

ERIC GRANT
United States Attorney

/s/ *Veronica M.A. Alegría*
VERONICA M.A. ALEGRIA
Assistant United States Attorney

Dated: February 23, 2026

/s/ *Mark Reichel*
KENNETH LLOYD ROSENFELD
LINDA M. PARISI
MARK REICHEL
MARK MAHONEY
Counsel for Defendant
KATHERINE HERRERA

**ORDER**

IT IS HEREBY ORDERED as to Defendant Katherine Leann Herrera, the court, having received, read and considered the parties' stipulation filed on February 20, 2026 (Doc. No. 243), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for February 27, 2026, is VACATED and RESET for May 8, 2026, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between February 27, 2026 and May 8, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(1)(A), (1)(D), (7)(A), and B(iv) [Local Codes A, E and T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:    **February 23, 2026**

_____
Dena Coggins
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1