UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KATHERINE LEANN HERRERA,<br>Defendant. | No. 2:20-cr-00084-DC-2<br><br><u>ORDER DENYING MOTION TO RELIEVE ATTORNEY MARK MAHONEY FROM ORDER REQUIRING APPEARANCE AT STATUS OF COUNSEL HEARING</u><br><br>(Doc. No. 267) |

This matter is before the court on defense counsel Attorney Mark Mahoney's motion to be relieved from the court's order (Doc. No. 263) requiring that all defense counsel be personally present at the status of counsel hearing on August 21, 2026. (Doc. No. 267.)

In that motion, Attorney Mahoney states that he was hired by Defendant's family as a consultant and that their consultant agreement "does not cover any appearance at Competency Hearing, or any other (pretrial or trial) hearings," and "Client understands that this representation is strictly in the capacity of potential consultant." (*Id.* at ¶ 4.) However, the docket in this case reflects that Attorney Mahoney is retained counsel of record for Defendant, along with Attorneys Kenneth Lloyd Rosenfeld, Linda M. Parisi, and Mark Joseph Reichel. Specifically, on April 29, 2025, Attorney Mahoney filed a pro hac vice application, applying "for permission to appear and participate as counsel in the above entitled action on behalf of [Defendant]," and the court approved that application on the same day. (Doc. Nos. 154, 155.) In the pending motion, Attorney

Mahoney acknowledges that he filed that application, stating he "did enter an appearance, pro hac vice, in order to have notice via ECF and have filing ability," but he "never agreed to conduct hearings or trial because of the nature of [his] practice." (Doc. No. 267 at ¶ 5.) Contrary to this assertion, filing a pro hac vice application is not necessary to obtain notice of electronic case filings, and Attorney Mahoney does not explain why he would need "filing ability" if his role in this case was limited to consulting. Further, contrary to his assertion that he never agreed to conduct hearings or trial, that participation is precisely what Attorney Mahoney agreed to by seeking permission from this court "to appear and participate as counsel" in this action.

Notably, Attorney Mahoney did not file a notice of limited appearance, in his purported role as a defense consultant, such as for the limited purpose of presenting autism information to the court at the hearing held on June 18, 2025. (*See* Doc. No. 195.) Rather, Attorney Mahoney filed a pro hac vice application, which the court granted, and he has remained listed as retained counsel of record for Defendant ever since. As one of four retained attorneys designated as counsel of record for Defendant, Attorney Mahoney's appearance at the status of counsel hearing is undoubtedly required, as the court will necessarily be addressing the duties of counsel in this case.[1]

/////

/////

/////

/////

/////

/////

/////

[1] The court has considered the supplemental information filed on August 20, 2026, informing the court that Attorney Mahoney will be traveling from New York to Virginia on August 20–21, 2026 to spend time with his sister, who is suffering from a serious medical issue. (Doc. No. 268.) Notably, Attorney Mahoney did not include this information in his initial filing, in which he asked the court to excuse his appearance, in part because his travel plans to Cape Cod this weekend would be disrupted. (*See* Doc. No. 267 at ¶ 9.) If counsel wish to seek a continuance of the upcoming hearing, they must file an appropriate request.

For these reasons, Attorney Mahoney's motion to be relieved from the court's order requiring appearance of all defense counsel at the status of counsel hearing on August 21, 2026, (Doc. No. 267) is DENIED.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Dena Coggins
United States District Judge